FILED
SUPERIOR COURT
OF GUAM

2023 DEC 29 PM 5: 27

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0513-20** |
| | ) | GPD Report No.: 20-24080 |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER RE.** |
| | ) | **REVOCATION OF** |
| | ) | **DEFENDANT'S PROBATION** |
| | ) | |
| **JACKY SAM,** | ) | |
| DOB: 05/13/2001 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on August 14, 2023, for a hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence in the above-captioned matter. Present during the hearing were Defendant Jacky Sam ("Defendant") with counsel Assistant Alternate Public Defender Tyler Scott, Assistant Attorney General Grant Olan for the People, and Mason Fritz (the court's Chuukese language interpreter). Following oral argument of the parties, the Court granted the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence, revoked the Defendant's probation, sentenced the Defendant to one (1) year incarceration, and now issues this written decision memorializing its ruling.

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 1 of 7

## BACKGROUND

In CF0513-20, Defendant, Jacky Sam was charged with 1) Aggravated Assault (As a Third Degree Felony, 2) Criminal Mischief (As a Misdemeanor), 3) Reckless Conduct (As a Misdemeanor), and 4) Disorderly Conduct (As a Petty Misdemeanor). Indictment (Dec. 18, 2020). These charges stem from an incident that occurred on or about September 24, 2020 when the Defendant and another Defendant allegedly did such crimes against the Victims, Isabella Tokyo, Robert Lusio, and Lakso Tipingeni. Magistrate's Compl. Decl. (Sep. 25, 2020).

On July 19, 2021, the Defendant plead guilty to the first charge of Aggravated Assault (As a Third Degree Felony). Judgment of Conviction (Aug. 13, 2021). Defendant was sentenced to one (1) year imprisonment all suspended with credit for time served and two (2) years of supervised probation with probationary conditions and terms the Defendant must follow and complete. *Id.*

On November 1, 2021, the Probation office filed the Defendant's First Violation Report indicating that the Defendant 1) failed to complete and intake/assessment with Client Services and Family Counseling. 2) failed to make payments towards his fine balance and court costs adding that no payments have been made to date, and 3) failed to report to probation since July 20, 2021. First Violation Report (Nov. 1, 2021).

On October 19, 2022, the Probation office filed the Defendant's Second Violation Report indicating the same three conditions the Defendant has failed to do in the First Violation Report. Second Violation Report (Oct. 19, 2022). These two Violations Reports lead to the Court issuing a Warrant of Arrest on November 14, 2022 which was returned on April 17, 2023 when the Defendant was arrested for a new criminal case. Warrant of Arrest (Nov. 14, 2022); Return of

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 2 of 7

Warrant (Apr. 17, 2023). On the same day, a Commitment Order indicated that Defendant be held in the Department of Corrections pending remand on Warrant on Arrest and Return of Warrant Hearing on April 25, 2023 at 9:30 AM via Zoom. Commitment Order (Apr. 17, 2023).

On April 18, 2023, the Probation office filed an Informational Report Re: New Arrest indicating that the Defendant was charged in a new case CF0262-23. Informational Report Re: New Arrest (Apr. 18, 2023). The very same day, the People filed their motion – People's Motion to Revoke Defendant's Probation and Impose Jail Sentence – arguing that the Defendant's probation be revoke stating the facts above relating to the Defendant's failure to complete his probation conditions. People's Motion to Revoke Defendant's Probation and Impose Jail Sentence (Apr. 18, 2023).

On April 25, 2023, during the Return of Warrant hearing, the Court continue to hold the Defendant until a motion hearing regarding revocation of probation. Return of Warrant Hearing Minutes Entry at 10:22:59 AM – 10:23:21 AM (Apr. 25, 2023).

On May 2, 2023, the Defendant filed their Opposition to People's Motion Revoke Defendant's Probation and Impose Jail Sentence requesting the Court give him another chance to work on his probation terms and conditions adding that confinement would not accomplish the interest of justice nor be effective in this case. Opposition to People's Motion Revoke Defendant's Probation and Impose Jail Sentence (May 2, 2023).

The initial Motion Hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence was originally scheduled for June 22, 2023, but was rescheduled to August 14, 2023. See CR1.1 Form 3 (May 17, 2023); Amended CR1.1 Form 3 (Jul. 3, 2023).

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 3 of 7

On August 14, 2023, the Court held a Motion Hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. Present during the hearing were Defendant Jacky Sam with counsel Assistant Alternate Public Defender Tyler Scott, Assistant Attorney General Grant Olan for the People, and Chuukese language court interpreter Mason Fritz. During the hearing, the Court addressed the Defendant's pending probation conditions as stated in the two Violation Reports and the Defendant's new criminal matter – CF0262-23 – provided through the Informational Report. Motion Hearing Minutes Entry at 09:47:52 AM (Aug. 14, 2023). Probation Officer Louanna Williams informed the Court that the Defendant has a total of one hundred nineteen (119) days of pre-trial credit. Id. at 09:45:21 AM. The Court then stated on the record the Defendant's inability to complete his probation conditions within his probation term. Id., at 09:49:25 AM. The Court then found good cause, based upon the filings, to revoke the Defendant's probation and impose the one (1) year incarceration with credit for time served. Id., at 09:50:27 AM. The Court then stated that the Defendant to have one hundred twenty-one (121) days of pre-trial credit. Id., at 09:50:46 AM.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 4 of 7

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

The Defendant has exhausted the trust of the Court by violating the conditions of his probation as stated above. The Defendant has continually violated his probation by failing to report to the Adult Probation Services Division after his first check in since July 20, 2021, failing to make any payments towards his fine and court costs, failing to go to Client Services for intake and assessment, and failing to obey all local laws. Defendant was given an opportunity to refute the violations and failed to do so.

Having found that the Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances…will best

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 5 of 7

satisfy the ends of justice and the best interests of public." 9 GCA § 80.66(a)(2). "The goal of revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation." *Camacho* at ¶ 27 (citing *People v. Manila,* 2005 Guam 6 ¶ 13 (quoting *State v. Brunet,* 806 A.2d 1007, 1011 (Vt. 2002)). Defendant is currently being confined in Criminal Case No. CF0262-23 pending adjudication of that case in which he has been charged with Two Separate charges of Aggravated Asssault (As a 3rd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *Indictment* (April 24, 2023).

Based on the review of the record, the Court finds that Defendant has had two violation reports, both of which have indicated the same violations. Because the Defendant was missing from probation for nearly most of his two-year probationary term adds to the People's argument for revocation. It should also be noted that Defendant's two-year probation period for this present matter was set to expire on July 19, 2023, but for the tolling of the expiration of his probation pending revocation. Moreover, even if Defendant were released in this case, he is being detained in CF0262-23, and the Court finds that Defendant would be unable to satisfy his outstanding conditions of release within the time set for his probation.

Under the circumstances, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to one (1) year of incarceration at the Department of Corrections, Mangilao, with credit for time served, to run

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 6 of 7

concurrently with any other sentence of incarceration. Defendant shall not be sentenced to Parole following his term of incarceration. This case is now **CLOSED**.

SO ORDERED, this _DEC 2 9 2023_ .

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Jacky Sam*
Criminal Case No. CF0513-20
Decision & Order Re. Revocation of Defendant's Probation
Page 7 of 7